IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF TENNESSEE
KNOXVILLE DIVISION

| | | |
|---|---|---|
| KEY COMPONENTS, INC. d/b/a XS POWER, | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 3:09-CV-322 |
| BRAILLE, LLC, | ) ) | |
| Defendant. | ) ) | |

## **MEMORANDUM OPINION**

This civil action is before the court for consideration of defendant's "Motion to Dismiss" [doc. 7]. Plaintiff has filed a response [doc. 9], and the motion is ripe for the court's determination. Defendant's motion seeks dismissal based on a lack of personal jurisdiction and improper venue. For the reasons set forth below, the motion will be denied.

I.

*Background*

In support of its motion, defendant, Braille, LLC ("Braille"), has submitted the affidavit of Blake Fuller, a managing member of Braille. According to Fuller, Braille is a limited liability company formed in Florida that sells batteries for automotive use. Braille has no physical presence in the State of Tennessee in the way of office space or other place of business. The company is physically located in Sarasota, Florida. Fuller also states that

Braille does not have dealers or authorized distributors in Tennessee that maintain an inventory of Braille products.

Braille does not use direct mail advertising in Tennessee, but it does maintain an internet website, which can be accessed worldwide. Fuller states that the information on the website is not directed to the State of Tennessee. During 2008, Braille received 14 orders from individuals in Tennessee, and the total sales from these individuals was $2,787.21. Nine of these orders were place by telephone, and five were place via the internet website. At the time of making his affidavit in 2009, only three telephone orders and three internet orders had been received from customers in Tennessee for a total of $254.95.

Fuller also states that Braille is a very small company whose liabilities exceed its assets. Therefore, it would be burdensome to defend this lawsuit in Tennessee. Fuller avers that plaintiff has dealers and distributors in Florida and that any competition between the parties would be in Florida not Tennessee.

In response to Braille's motion, plaintiff, Key Components, Inc. d/b/a XS Power ("XS Power"), has submitted the affidavit of Kenneth Bennett, President of XS Power. Bennett states that XS Power manufactures and sells performance products for automobiles that include high-performance batteries.

Bennett avers that Braille's website is highly interactive. It permits customers to purchase products and have them shipped directly to Tennessee; to search for authorized distributors in Tennessee and surrounding areas; and to register products with Braille for

warranty coverage on products sold in Tennessee. While Braille's website indicates that there are no authorized distributors in Tennessee, the website does indicate that there are five authorized distributors that can and do ship products to Tennessee within one day.

Bennett states that like most of its competitors in the industry, the majority of its battery sales come from sales procured by large, third-party retailers. These third-party retailers market and sell XS Power products through their own catalogs and internet websites. Such sales have represented approximately 97% of XS Power's annual battery sales. Bennett points out that Braille advertises and sells its batteries through such third-party retailers. Bennet also identifies in his affidavit authorized Braille sales representatives in Tennessee and other states who service regions of Tennessee.

II.

*Standard of Review*

Defendant's motion seeks dismissal based on a lack of personal jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2) and improper venue pursuant to Fed. R. Civ. P. 12(b)(3). The party seeking to assert personal jurisdiction, the plaintiff herein, has the burden of demonstrating that such jurisdiction exists. *Theunissen v. Matthews*, 935 F.2d 1454, 1458 (6th Cir. 1991); *Neogen Corp. v. Neo Gen Screening, Inc*., 282 F.3d 883, 887 (6th Cir. 2002). When faced with a properly supported motion to dismiss, "the plaintiff may not stand on the pleadings but must, by affidavit or otherwise, set forth specific facts showing that the court

has jurisdiction." *Theunissen*, 935 F.2d at 1458 (citing *Weller v. Cromwell Oil Co.*, 504 F.2d 927, 930 (6th Cir. 1974)).

A court faced with a motion to dismiss for lack of personal jurisdiction has three options: it may rule on the motion based on the affidavits submitted by the parties; permit discovery; or conduct an evidentiary hearing. *See Dean v. Motel 6 Operating L.P.*, 134 F.3d 1269, 1272 (6th Cir. 1998) (quoting *Serras v. First Tenn. Bank Nat'l Ass'n*, 875 F.2d 1212, 1214 (6th Cir. 1989)). Neither party in this case has requested discovery or an evidentiary hearing. Therefore, the court in its discretion will decide the issue of jurisdiction on the affidavits of the parties. *Theunissen*, 935 F.2d. at 1458.

When the court decides the motion on the affidavits and pleadings, the plaintiff need only make a prima facie showing to defeat dismissal. *Theunissen*, 935 F.2d at 1458; *Neogen*, 282 F.3d at 887. The prima facie burden is met "by 'establishing with reasonable particularity sufficient contacts between [the defendant] and the forum state to support jurisdiction.'" *Neogen*, 282 F.3d at 887 (quoting *Provident Nat'l Bank v. Cal. Fed. Sav. & Loan Ass'n*, 819 F.2d 434, 437 (3rd Cir. 1987)). In this circumstance, the court views the pleadings and affidavits in the light most favorable to the plaintiff and does "not consider facts proffered by the defendant that conflict with those offered by the plaintiff." [1] *Neogen*, 282 F.3d at 887 (citing *Serras*, 875 F.2d at 1214); *see also CompuServe v. Patterson*, 89 F.3d

---

[1] For this reason, the court will not consider the additional affidavit of Fuller [doc. 10] in which he offers conflicting information concerning Braille's connection with one of the sales representatives located in Tennessee and identified in Bennett's affidavit.

4

1257, 1262 (6th Cir. 1996) ("court disposing of a 12(b)(2) motion does not weigh the controverting assertions of the party seeking dismissal") (quoting *Theunissen*, 935 F.2d at 1459). This method of review "prevent[s] non-resident defendants from regularly avoiding personal jurisdiction simply by filing an affidavit denying all jurisdictional facts." *CompuServe*, 89 F.3d at 1262 (quoting *Theunissen*, 935 F.2d at 1459); *see also Serras*, 875 F.2d at 1214 ("Any other rule would empower a defendant to defeat personal jurisdiction merely by filing a written affidavit contradicting jurisdictional facts alleged by a plaintiff.").

"When determining whether there is personal jurisdiction over a defendant, a federal court must apply the law of the state in which it sits, subject to constitutional limitations." *Reynolds v. Int'l Amateur Athletic Fed'n*, 23 F.3d 1110, 1115 (6th Cir. 1994). This involves inquiring into whether the state long-arm statute and due process have been satisfied. *Id.* Because the Tennessee long-arm statute extends to the constitutional limits of due process, these two inquiries are merged into the single determination of whether the assertion of personal jurisdiction over the defendant in this district violates due process. *Third Nat'l Bank in Nashville v. WEDGE Group Inc.*, 882 F.2d 1087, 1089 (6th Cir. 1989).

Personal jurisdiction is characterized as either "general" or "specific." *See Nationwide Mut. Ins. Co. v. Tryg Int'l Ins. Co., Ltd.*, 91 F.3d 790, 793-94 (6th Cir. 1996). General jurisdiction involves the court's authority to hear a cause of action involving a defendant, whether or not the cause of action arose from the defendant's activities within the forum state. *Helicopteros Nacionales de Colombia, S.A. v. Hall,* 466 U.S. 408, 414 (1984).

5

An assertion of general jurisdiction requires a showing of "continuous and systematic" contacts with the forum state. *Id.* at 416.

Specific jurisdiction, on the other hand, involves a circumstance in which the claims arise directly from or are related to a defendant's contacts with the forum state. *Aristech Chem. Int'l Ltd. v. Acrylic Fabricators Ltd.*, 138 F.3d 624, 627-28 (6th Cir. 1998). Often a single act can be the basis for specific jurisdiction. *Nationwide*, 91 F.3d at 794. The critical inquiry in this context is whether the nonresident defendant has sufficient contacts with the forum state so that the exercise of jurisdiction is consistent with "traditional notions of fair play and substantial justice." *CompuServe, Inc. v. Patterson,* 89 F.3d 1257, 1263 (6th Cir. 1996) (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316, (1945)).

The Sixth Circuit has set out a three-part test to determine whether the assertion of specific jurisdiction is appropriate.

> First, the defendant must purposefully avail himself of the privilege of acting in the forum state or causing a consequence in the forum state. Second, the cause of action must arise from the defendant's activities there. Finally, the acts of the defendant or consequences caused by the defendant must have a substantial enough connection with the forum state to make the exercise of jurisdiction over the defendant reasonable.

*Payne v. Motorists' Mut. Ins. Cos.,* 4 F.3d 452, 455 (6th Cir. 1993) (quoting *S. Machine Co. v. Mohasco Indus., Inc.*, 401 F.2d 374, 381 (6th Cir. 1968)).

III.

*Analysis*

<u>Personal Jurisdiction</u>

There appears from the argument of counsel and the record that there is no basis for general jurisdiction in Tennessee as to Braille. The issue then is whether specific jurisdiction exists in Tennessee. As referenced above, XS Power needs only to make a prima facie showing of personal jurisdiction, and the evidence must be viewed in the light most favorable to XS Power without considering any controverting evidence from Braille. With that in mind, the court will apply the three-part test from *Mohasco* in order to determine whether specific jurisdiction exists.

The first requirement is whether Braille purposely availed itself of the privilege of acting in Tennessee. XS Power argues that based on its website, Braille has met this requirement. "The operation of an Internet website can constitute the purposeful availment of the privilege of acting in a forum state under the first *Mohasco* factor 'if the website is interactive to a degree that reveals specifically intended interaction with residents of the state.'" *Bird v. Parsons*, 289 F.3d 865, 875 (6th Cir. 2002) (quoting *Neogen Corp. v. Neo Gen Screening, Inc.*, 282 F.3d 883, 890 (6th Cir. 2002)). XS Power points out that Braille's website allows Tennessee residents to purchase products, and Braille admits that it has sold products via the internet to customers in Tennessee. The website also permits Tennessee residents to register products for warranty purposes, whether or not the product was

purchased on the website. Braille argues that the few orders it has received via its website are insufficient to grant specific jurisdiction.

The court concludes that Braille's website is sufficiently interactive such that it is purposely availing itself of the privilege of acting in Tennessee. While its actual direct sales to Tennessee residents may be relatively small in number, Braille has sold to Tennessee residents and continues to stand ready to do business with customers in Tennessee. *Bird,* 289 F.3d at 875 ("Although it is unclear whether registrants who use Dotster's website do so on a repeated basis, the proffered evidence that Dotster regularly chooses to do business with Ohio residents is sufficient to constitute purposeful availment.") (citing *Zippo Mfg. Co. v. Zippo Dot Com, Inc.*, 952 F. Supp. 1119, 1126-27 (W.D. Pa. 1997) (holding that the defendant's decision to conduct business via the Internet with Pennsylvania residents constituted purposeful availment, noting that the fact that residents initiated the business relationships after visiting the defendant's website did not make the contacts fortuitous)). The website also permits warranty registration and indicates that there are authorized distributors that can ship products to Tennessee within one day.

In addition, Braille has authorized sales representatives in Tennessee and other states that service regions in Tennessee. This fact demonstrates that Braille is capable of providing services to customers in Tennessee and is willing to do so. XS Power also points out that Braille advertises and sells batteries through third-party sellers, so its sales in Tennessee very likely go well beyond the small number of retail sales from its website

referenced by Fuller. The website, the sales representative presence, and the third-party sellers market demonstrate that Braille has purposely availed itself of acting in Tennessee, and therefore the first requirement has been met.

The second *Mohasco* requirement involves determining whether XS Power's claims "arise from" Braille's contacts with Tennessee. "If a defendant's contacts with the forum state are related to the operative facts of the controversy, then an action will be deemed to have arisen from those contacts." *CompuServe,* 89 F.3d at 1267 (citations omitted). This "criterion does not require that the cause of action formally 'arise from' defendant's contacts with the forum; rather, this criterion requires only 'that the cause of action, of whatever type, have a substantial connection with the defendant's in-state activities.'" *Third Nat'l Bank*, 882 F.2d at 1091 (quoting *Mohasco*, 401 F.2d at 384 n.27).

The operative facts in this case include XS Power's allegations that Braille is engaging in false and misleading advertising and misrepresentation. A certain portion of that alleged false and misleading advertising and information is found on Braille's website. This court is to apply a lenient standard when applying the "arising from" criterion. *Bird*, 289 F.3d at 875 (citing *Zippo Mfg. Co.*, 952 F. Supp. at 1127). Thus, the operative facts in this case are "at least marginally related to the alleged contacts between [Braille] and [Tennessee]." *Id.* at 875.

The last requirement under *Mohasco* for determining specific jurisdiction is that the exercise of jurisdiction must be reasonable in light of the connection allegedly

existing between Braille and Tennessee. "An inference arises that the third factor is satisfied if the first two requirements are met. *Id*. (citing *CompuServe, Inc*., 89 F.3d at 1268 (noting that "if we find, as we do, the first two elements of a prima facie case-purposeful availment and a cause of action arising from the defendant's contacts with the forum state-then an inference arises that this third factor is also present")). There are several factors that are relevant to determining the reasonableness requirement. These factors include: "the burden on the defendant, the interest of the forum state, the plaintiff's interest in obtaining relief, and the interest of other states in securing the most efficient resolution of controversies." *CompuServe, Inc*. 89 F.3d at 1268 (internal quotation marks and citation omitted).

Braille has already indicated that it will find it financially burdensome to defend this lawsuit in Tennessee. Nevertheless, Braille has conducted business with Tennessee residents and continues to show an interest in and a willingness to serve and sell to customers in Tennessee. Thus, Tennessee has a legitimate interest in protecting the interests of its residents and businesses. XS Power certainly has an interest in obtaining relief. While the State of Florida has an interest in this case because its citizen, Braille, is involved, that fact does not override the other factors that indicate jurisdiction in Tennessee is reasonable. Therefore, for all of the reasons discussed above, XS Power has satisfied the requirements necessary to demonstrate a prima facie case of personal jurisdiction.

Venue

Braille also contends that venue is improper and the case should be dismissed on that basis. In support of this contention, Braille argues that the court needs to consider the burden placed on this defendant by this litigation and cites the court to the factors from the reasonableness inquiry under the third *Mohasco* requirement. Braille further argues that if any competition occurred between the parties it occurred in Florida not Tennessee, so the Eastern District of Tennessee is not a proper forum for this cause of action. Therefore, Braille contends the case should be dismissed or transferred to a district court in Florida.

The court has found that Braille is subject to personal jurisdiction in the Eastern District of Tennessee. Pursuant to 28 U.S.C. § 1391(c), venue is proper here as well. "For purposes of venue under this chapter, a defendant that is a corporation shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced." 28 U.S.C. § 1391(c). Dismissal based on improper venue would not be appropriate.

Braille, however, alternately asks that the case be "at least transferred to the appropriate District Court in Florida." Braille does not reference a venue statute or the factors the court must consider for a transfer of venue. Nevertheless, the court will consider Braille's request as a motion for transfer pursuant to 28 U.S.C. 1404(a). That statutory provision provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it

might have been brought." Under § 1404(a), "a district court has broad discretion to grant or deny [a] motion to transfer a case." *Phelps v. McClellan*, 30 F.3d 658, 663 (6th Cir. 1994) (internal quotation marks and citation omitted). The party seeking the transfer has the burden to show by a preponderance of the evidence that a change of venue is appropriate. *Amphion, Inc. v. Buckeye Elec. Co.*, 285 F. Supp. 2d 943, 946 (E.D. Mich. 2003); *see also Forward Air, Inc. v. Dedicated Xpress Servs., Inc.*, No. 2:01-CV-48, 2001 WL 34079306, at *3 (E.D. Tenn. Dec. 13, 2001) (Burden is on moving parties to establish transfer would serve convenience of parties and witnesses and be in the interest of justice).

"To transfer an action under section 1404(a) the following criteria must be met: (1) the action could have been brought in the transferee district court; (2) a transfer serves the interest of justice; and (3) transfer is in the convenience of the witnesses and parties. *Kepler v. ITT Sheraton Corp.*, 860 F. Supp. 393, 398 (E.D. Mich. 1994). Braille has not identified a specific district court in Florida where it believes transfer is proper; it only asks for "the appropriate District Court in Florida." Since Braille is a citizen of Florida, physically located in Sarasota, presumably this case could have been brought in the district court that covers Sarasota, Florida. *See* 28 U.S.C. § 1391(b), (c).

The only factor that Braille arguably addresses is the convenience of the parties through its contention that defending this litigation in Tennessee would be financially burdensome. The exposure to litigation and its attendant costs are a risk of doing business. Braille has to show that a district court in Florida is a *more* convenient forum than the

12

Eastern District of Tennessee. "Transfer is inappropriate if the ultimate effect is to shift the burden from one party to another." *Forward Air*, 2001 WL 34079306, at *4 (citing *UAW v. Aluminum Co. of Am.*, 875 F. Supp. 430, 433 (N.D. Ohio 1995); *Evans Tempcon, Inc. v. Index Indus., Inc*. 778 F. Supp. 371, 377 (W.D. Mich. 1990)).

Other case specific factors need to be considered in order to determine whether a transfer of venue is appropriate. These factors include the following:

> (1) the convenience of the parties; (2) the convenience of the witnesses; (3) the relative ease of access to sources of proof; (4) the availability of process to compel attendance of unwilling witnesses; (5) the cost of obtaining willing witnesses; (6) the practical problems associated with trying the case most expeditiously and inexpensively; and (7) the interest of justice.

*Kepler*, 860 F. Supp. at 398. The court, however, cannot assess these factors because they have not been addressed. Braille has only argued that defending this case in the Eastern District of Tennessee would be financially burdensome. That is the only inconvenience to the parties that is before the court. While that fact is a difficult circumstance, it alone does make the required showing. As result, Braille has failed to demonstrate by a preponderance of the evidence that a change of venue is warranted.

Therefore, for all the reasons set for above, Braille's motion to dismiss will be denied. An order consistent with this opinion will be entered.

ENTER:

                                            s/ Leon Jordan
                                 United States District Judge